# FIRST SECURITY TRUST CO. v. JOHN H. SEELY & SONS CO.

No. 5566.   Decided November 27, 1935.   (51 P. [2d] 1060.)

*Larson & Larson*, of Manti, for appellant.

*Fabian & Clendenin*, of Salt Lake City, for respondent.

ELIAS HANSEN, Chief Justice.

Plaintiff as trustee brought this suit in the district court of Sanpete county, Utah, to foreclose a mortgage in the form of a trust deed which was executed on November 1, 1923, by the defendant as security for the payment of bonds in the aggregate sum of $100,000 par value. The bonds were made payable in annual installments up to and including November 1, 1938. There were 133 bonds, 66 of which were of the par value of $500, and 67 of the par value of $1,000 each. All of the bonds bore interest at 7 per cent per annum, interest payable semiannually. The trust deed covered lands and water rights situated in Sanpete, Emery, and Utah counties. All of the bonds were secured equally by the trust deed. In the event the taxes were not paid on the property covered by the trust deed, or in the event the principal of a bond or the interest was not paid within sixty days after the due date, the trustee was authorized by the trust deed to declare all of the bonds, both principal and interest, immediately due and payable. No claim is made that the foreclosure suit under review was prematurely brought. The grounds relied upon by the defendant to defeat the foreclosure proceeding are, that the bonds originally issued were paid by the defendant and were not legally reissued by it, and that the alleged bondholders for whose benefit foreclosure proceedings is being prosecuted were not bona fide owners of the bonds claimed by them. A trial had to the court sitting without a jury resulted in findings of fact, conclusions of law, and a decree of foreclosure being made and entered in favor of plaintiff and against the defendant. This appeal is prosecuted by the defendant. By its assignments of error defendant attacks a number of the findings as not being supported by, and as being contrary to, a preponderance of the evidence. Defendant also claims that the conclusions of law are not supported by either the evidence or the findings, and that the evidence, findings of fact, and conclusions of law do not support the decree. The following facts are either admitted by the pleadings or established by the evidence without con-

flict. The $100,000 par value of bonds were issued and the trust deed executed as security for the payment thereof by the defendant on or about November 1, 1923. The Bankers Trust Company was named as trustee in the trust deed. Later the plaintiff herein was substituted as trustee. Some time after the bonds were first issued the same were all paid and $27,500 par value thereof were, by the defendant, canceled and retired. The remaining $72,500 par value of the bonds were surrendered to the defendant but were not canceled or retired. On December 1, 1930, the defendant borrowed from the First National Bank of Ely, Nev., the sum of $4,000. As evidence of the money so borrowed, the defendant executed its note for that amount in favor of the bank. By its terms, the note was made payable on December 10, 1930. On January 16, 1931, defendant borrowed from the Ely bank an additional $2,000. A note payable January 1, 1931, was given for the amount so borrowed. The $4,000 note recited that "$72,500 par John H. Seely & Sons Co. Bonds" were deposited as collateral security. A similar provision was contained in the $2,000 note. On December 10, 1932, the Ely bank assigned both of the notes and the collateral security mentioned therein to the Continental National Bank & Trust Company of Salt Lake City, Utah, which latter bank was the owner and holder of such notes at the time this suit was begun and tried. At the time of trial, no payments had been made on either of the notes. Plaintiff claims that at the time the two notes were executed by the defendant to the First National Bank of Ely, Nev., the defendant hypothecated the $72,500 of its uncanceled bonds as security for the payment thereof. The defendant contends to the contrary. As to the facts that is the only controversy which divides the parties. Before taking up a review of the evidence touching that controversy, a few other facts concerning which there is no dispute should be mentioned. Of the $72,500 of defendant's uncanceled bonds, one S. E. Jensen held at the time of trial $10,000 par value as security for a loan of $5,000 which Jensen made to the

defendant. The Kraft-Phoenix Cheese Corporation held $5,000 par value of such bonds as security for the payment of $3,356.79 owing to it by Albert Merrill, president of the defendant company. Mr. Merrill advanced to the defendant herein for its use and benefit the money evidenced by his note to the Kraft-Phoenix Cheese Corporation. The remainder, or $57,500 par value of defendant's uncanceled bonds, were in the possession of and produced by the Continental National Bank & Trust Company at the time of the trial. Prior to the commencement of this suit, the Continental National Bank & Trust Company demanded that the plaintiff herein foreclose the trust deed. It is further made to appear that in May, 1932, the Continental National Bank & Trust Company brought an action in the district court of Salt Lake county to recover a judgment against the defendant upon promissory notes executed by the defendant. Upon affidavits made and filed and bond given, a writ of garnishment was issued and served upon the First National Bank of Ely, Nev. In due time that bank answered, stating that it held bonds of the defendant in the aggregate sum of $57,500 par value. In that action the Continental National Bank & Trust Company recovered a judgment against the defendant in the sum of $13,079.25 together with interest, costs, and attorney's fee. Execution was issued on the judgment. $57,500 of defendant's bonds were levied upon and sold at sheriff's sale. The Continental National Bank & Trust Comapny bid in the bonds at such sale for the full amount of its judgment. In the present suit, however, the court below held that the sale of the bonds under the execution sale was null and void, and judgment entered accordingly. No appeal is taken from that part of the judgment, and therefore we need not further consider that phase of the case. The only question here presented for determination is whether or not the Continental National Bank & Trust Company, as assignee of the First National Bank of Ely, S. E. Jensen, and Kraft-Phoenix Cheese Corporation are entitled to have the property covered by the trust deed

foreclosed and the proceeds of the sale applied to the amount owing to them on the obligations which they claim are secured by bonds of the defendant. As heretofore indicated in this opinion, there is a conflict in the evidence as to whether or not the defendant hypothecated its bonds to secure the two notes for the total sum of $6,000 which the defendant executed and delivered to the First National Bank of Ely, Nev. Plaintiff's evidence tends to show that printed forms of notes, such as the notes sued upon, were used by the bank only when collateral security was given for the payment thereof; that prior to the time the notes were executed the officers of defendant applied to the Continental National Bank & Trust Company for a loan, but that bank refused to make a further loan to the defendant because it was then owing that bank $44,000 on notes that were unsecured; that defendant made arrangements for the loans in controversy with an officer of the Continental National Bank & Trust Company, who was also president of the First National Bank of Ely; that when the loans were made, the bonds were delivered as security for the first note, and a receipt given to the treasurer of the defendant in which it was recited that the bonds were received "as collateral security for $4,000 loan by Fst. Nat'l Bank of Ely"; that a similar provision was contained on the $2,000 note at the time of its execution.

On the other hand, according to the evidence offered by the defendant, the writings on the notes stating that the bonds were given as security for the payment thereof were not on the notes when the same were signed, and, likewise, that the receipt given for the bonds did not indicate that they were to be held as security for the notes at the time the receipt was given; that the bonds were taken from a safety deposit box which defendant had rented at the Bankers Trust Company and delivered to the Continental National Bank & Trust Company for safekeeping, and so that the same might be used by that bank in case of necessity. Defendant also offered evidence tending to

show that the officers of the defendant were without authority to pledge the bonds as security for the payment of the various loans. In this connection, however, it appears that the board of directors of the defendant company did, by a resolution passed prior to the time of the execution of the trust deed, authorize its proper officers to either sell or pledge the bonds which were secured by the trust deed. So far as appears, the authorization contained in that resolution has not been revoked. It also appears that after the $72,500 par value of the bonds were delivered to the Continental National Bank & Trust Company, $15,000 par value of such bonds were returned to the officers of the defendant company and by them delivered to Jensen and the Kraft-Phoenix Cheese Corporation as security for the payment of the obligations owing to them. There is some additional evidence which has a bearing upon the issue of fact which divides the parties, but we do not deem it necessary to recite the same. Suffice it to say that we have carefully read and considered all of the evidence and reached the conclusion that we should not disturb the findings of fact made by the court below. That Jensen and the Kraft-Phoenix Cheese Corporation received the bonds which they hold as security for the payment of the money owing to them is not questioned, and the trial court was justified in finding that the First National Bank of Ely received the bonds now in possession of the Continental National Bank & Trust Company for a similar purpose. In the absence of the cancellation of the bonds, and there being no revocation of the authority of defendant's officers to sell or pledge its bonds, the mere fact that the original bondholder was paid off and the bonds returned to the defendant did not preclude it from reissuing its bonds. 8 C. J. 590; Brannan Negotiable Instruments, pp. 748-750, and cases there cited.

It is next urged on behalf of appellant that the transactions whereby the defendant pledged its bonds as security for the payment of the various notes is inhibited by article 12, § 5 of our State Constitution, wherein it is provided that

corporations shall not "issue any bond, or other obligation, for the payment of money, except for money or property received, or labor done." Appellant relies upon the case of *Rolapp* v. *Ogden & Northwestern R. Co.*, 37 Utah 540, 110 P. 364, in support of its contention. That case is readily distinguishable from the case in hand. In that case the bonds were issued to the incorporators without consideration. In this case a consideration was paid for the bonds. By the decree of the court, the various bondholders may receive from the sale of the property covered by the trust deed given to secure the bonds only the amount that is owing to them. The defendant has received money for the bonds, and hence the transactions here under review are not inhibited by the constitutional provision relied upon. *McKee* v. *Title Insurance & Trust Co.*, 159 Cal. 206, 113 P. 140; *Memphis & L. R. R. Co.* v. *Dow*, 120 U. S. 287, 7 S. Ct. 482, 30 L. Ed. 595.

It is further contended by appellant that conceding there was an agreement whereby some of defendant's bonds were pledged, still such an agreement is unenforceable because the particular bonds which were so pledged cannot be ascertained, and, likewise, the findings of fact fail to designate the particular bonds that were pledged. There is no uncertainty in the particulars urged. Each of the bondholders was given possession of the bonds which they claim secure the payment of the money owing to them. Their respective claims were against all of the bonds so delivered. All of the outstanding bonds secured by the trust deed are held by the three bondholders theretofore mentioned in this opinion. By the terms of the decree of foreclosure, each bondholder is to receive from the sale of the property foreclosed only such an amount as is owing. In legal effect, the situation is the same as if the obligation owing to each of the bondholders is secured by the trust deed to the extent of and in the proportion that the amount of bonds held by each bears to the total of the outstanding bonds.

Appellant also contends that the court below awarded excessive attorney's and receiver's fees. The court found that $750 is a reasonable sum to be allowed plaintiff's attorneys for their services in prosecuting the foreclosure proceedings, and that $875.16 is a reasonable sum to be allowed as trustee's fees. The assignments of error do not attack such findings, and therefore the same are not before us for review. *Dalton* v. *Stout*, 87 U. 39, 48 P. (2d) 425.

Finding no error in the record, the judgment should be, and it accordingly is, affirmed. Costs to respondent.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.